IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| **LEONETTA RUSSELL-LANE**, | ) | |
| | ) | |
| PLAINTIFF, | ) | Cause No. _____ |
| | ) | |
| v. | ) | Division No. _____ |
| | ) | |
| **SSM HEALTHCARE ST. LOUIS,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| SERVE: | ) | |
| CT CORPORATION SYSTEM | ) | |
| 120 SOUTH CENTRAL AVENUE | ) | |
| CLAYTON, MO 63105 | ) | |
| | ) | |
| DEFENDANT. | ) | |

### PETITION FOR DAMAGES

COMES NOW Plaintiff and for her Petition for Damages states:

### Nature of Action

1. This is an employment discrimination action arising under the Americans with Disabilities Act (hereinafter "ADA") and/or Title VII of the Civil Rights Act (hereinafter "Title VII").

### Parties

2. Plaintiff is an adult female and a resident and citizen of the State of Missouri.

3. Defendant SSM Healthcare St. Louis is a Missouri non-profit corporation.

4. At all times relevant herein, Defendant was an employer under the ADA and or Title VII.

1

**Procedural Prerequisites**

5.  Plaintiff timely submitted a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), wherein Plaintiff alleged Defendant unlawfully discriminated against her based on retaliation and disability.

6.  The EEOC subsequently issued its Notice of Right to Sue with regard to Plaintiff's Charge on October 18, 2022, and Plaintiff instituted this action within 90 days of her receipt of the Notice of Right to Sue.

**Factual Allegations**

7.  Plaintiff has suffered from bipolar disorder, anxiety disorder, and PTSD since approximately 1994.

8.  In approximately 2020, Plaintiff began working for Defendant as a Medical Assistant.

9.  As a result of Plaintiff's conditions (bipolar disorder, anxiety disorder, and PTSD), Plaintiff requested an accommodation, with appropriate paperwork from her doctor, consisting of a reduced work week (40 to 32 hours), on or about June 25, 2021.

10. Plaintiff's request was denied; however, Plaintiff was instructed by Defendant to seek intermittent FMLA leave instead.

11. Plaintiff followed this instruction and sought (and was approved for) intermittent FMLA leave.

12. Using intermittent FMLA leave instead of being granted an accommodation resulted in a negative and severe outcome; Plaintiff was required to use all of her accrued PTO, meaning she lost the ability to take any time off whatsoever, including for things such as family weddings, funerals, etc..

13. Nonetheless, Defendant continued to deny Plaintiff an accommodation, forcing her to take intermittent FMLA leave instead.

14. As such, on April 18, 2022, Plaintiff gave notice of her intent to resign.

15. Before Plaintiff actually resigned, she was terminated by Defendant on April 21, 2022.

**Count I - Disability**

16. Plaintiff incorporates by reference the previous paragraphs and further alleges as follows:

17. Plaintiff had a physical or mental impairment which substantially limited one or more of her major life activities, was regarded as having such an impairment, or had a record of having such an impairment, which with or without reasonable accommodation did not interfere with performing her job, and consequently had a disability.

18. Plaintiff was capable of performing the essential functions of her job despite her disability.

19. In addition, Plaintiff was meeting the expectations of her position prior to being terminated.

20. Defendant took adverse employment action against Plaintiff when she was terminated.

21. Plaintiff's disability was a motivating factor to the adverse action taken against her.

22. In addition, but for her disability, Plaintiff would not have been terminated.

3

23. Plaintiff was damaged as a result of Defendant's actions, including but not necessarily limited to, suffering lost wages, humiliation, embarrassment, and emotional distress.

24. Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

### Count II – Disability (Failure to Accommodate)

25. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

26. Plaintiff is disabled and is therefore a member of a protected group.

27. Defendant failed to accommodate Plaintiff's disability despite reasonable accommodation requests by Plaintiff, including a reduced work week.

28. Defendant was aware that a reasonable accommodation was necessary and possible, but failed to provide one.

29. Plaintiff was capable of performing the essential functions of her job despite her disability, with or without reasonable accommodation.

30. As a result of Defendant's failure to accommodate, Plaintiff suffered adverse employment action and was ultimately terminated.

Electronically Filed - St Louis County - January 03, 2023 - 12:38 PM

31. Plaintiff's disability was a motivating factor to the adverse action taken against her.

32. In addition, but for her disability, Plaintiff would not have been subject to the adverse action taken against her.

33. Plaintiff was damaged as a result of Defendant's actions, including but not necessarily limited to, suffering lost wages, humiliation, embarrassment, and emotional distress.

34. Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

### Count III – Disability (Constructive Discharge)

35. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

36. Plaintiff is disabled and is therefore a member of a protected group.

37. Defendant failed to accommodate Plaintiff's disability despite reasonable accommodation requests by Plaintiff, including a reduced work week.

38. Defendant was aware that a reasonable accommodation was necessary and possible, but failed to provide one.

Electronically Filed - St Louis County - January 03, 2023 - 12:38 PM

39.  Plaintiff was capable of performing the essential functions of her job despite her disability, with or without reasonable accommodation.

40.  As a result of Defendant's failure to accommodate, Plaintiff resigned.

41.  At the time of Plaintiff's resignation, her working conditions had become intolerable such that Plaintiff was compelled to resign.

42.  Moreover, a reasonable person in Plaintiff's position would find the working conditions intolerable.

43.  Defendant either intended to force Plaintiff to resign, or Defendant could reasonably foresee that its actions would cause Plaintiff to resign.

44.  Plaintiff's disability was a motivating factor to the adverse action taken against her.

45.  In addition, but for her disability, Plaintiff would not have been subject to the adverse action taken against her.

46.  Plaintiff was damaged as a result of Defendant's actions, including but not necessarily limited to, suffering lost wages, humiliation, embarrassment, and emotional distress.

47.  Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendants for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

## Count IV - Retaliation

48. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

49. Plaintiff opposed discrimination prior to her termination by giving notice of her intent to resign due to Defendant's failure to provide her an accommodation.

50. Plaintiff had a reasonable belief that she was being discriminated against.

51. Defendant took adverse employment action against Plaintiff by terminating her.

52. Plaintiff's opposition to discrimination was a motivating factor in the adverse employment action taken against her.

53. In addition, but for her opposition to discrimination, Plaintiff would not have been subject to the adverse action taken against her.

54. Plaintiff was damaged as a result of Defendant's actions, including but not necessarily limited to, suffering lost wages, humiliation, embarrassment, and emotional distress, as well as having her employment record tarnished with a termination.

55. Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendants for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

Electronically Filed - St Louis County - January 03, 2023 - 12:38 PM

Respectfully submitted,

PONDER ZIMMERMANN LLC

By  /s/ Douglas B. Ponder
    Douglas Ponder, #54968
    dbp@ponderzimmermann.com
    Jaclyn M. Zimmermann, #57814
    jmz@ponderzimmermann.com
    20 South Sarah Street
    St. Louis, MO  63108
    Phone:     314-272-2630
    FAX:        314-272-2713
    *Attorneys for Plaintiff*