# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LEONETTA RUSSELL-LANE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:23-CV-192 SRW |
| SSM HEALTHCARE ST. LOUIS, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant SSM Healthcare St. Louis' Motion to Strike or Dismiss Counts II and IV of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 13. Plaintiff Leonetta Russell-Lane opposes the motion, and it is fully briefed. ECF Nos. 16, 17. For the following reasons, the motion will be denied in part and granted in part.

**I.   Background**

On January 3, 2023, Plaintiff Leonetta Russell-Lane filed a Petition for Damages against SSM Healthcare St. Louis ("SSM") in the Circuit of St. Louis County, Missouri, Case No. 23SL-CC00071. ECF No. 5. Plaintiff indicates the action is being brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and/or Title VII of the Civil Rights Act of 1964 ("Title VII"). *Id.* at 1. Plaintiff asserts four counts: (1) disability discrimination; (2) failure to accommodate; (3) constructive discharge; and (4) retaliation. *Id.*

Plaintiff states she has suffered from bipolar disorder, anxiety disorder, and PTSD for approximately thirty years. In 2020, she began working for SSM as a Medical Assistant. Due to

1

her mental impairments, on or around June 25, 2021, Plaintiff requested SSM to accommodate her with a reduced 32-hour work week. Her request was supported with documentation from her doctor. SSM denied her request as asked, but informed her that she could seek intermittent FLMA leave as needed. Plaintiff states she followed SSM's instruction, and she sought and was approved for intermittent FMLA leave. She complains, however, that using intermittent FMLA leave, instead of being granted the accommodation she originally requested, required her to exhaust all of her paid-time-off ("PTO"). As a result, she lost the ability to take any time off for personal matters unrelated to her disability. On April 18, 2022, she provided notice of her intent to resign, but before she was able to resign, she was terminated on April 21, 2022.

On February 17, 2023, SSM removed the action to this Court pursuant to federal question jurisdiction. ECF No. 1. On March 27, 2023, SSM filed an Answer to Plaintiff's disability discrimination (Count I) and constructive discharge (Count III) claims. ECF No. 12. On the same date, SSM filed the instant Motion to Strike or Dismiss seeking to dismiss the failure to accommodate (Count II) and retaliation (Count IV) claims. ECF No. 13. SSM argues the failure to accommodate claim should be dismissed because Plaintiff's request for an indefinite and flexible reduction of 8 hours per week was unreasonable, and SSM did, in fact, provide her with an accommodation of approving intermittent FMLA leave. SSM argues the retaliation claim should also be dismissed because Plaintiff admits to engaging in protected activity by opposing the alleged discrimination. Lastly, SSM requests the Court to strike any references to Title VII because Plaintiff's Complaint does not contain any allegations that would support a claim under Title VII.

## II. Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A plaintiff need not provide specific facts in support of the allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but must include sufficient factual information to provide the "grounds" on which the claim rests, and "to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555 & n.3. *See also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (quoted case omitted). On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8(a)(2).

## III. Discussion

### A. References to Title VII

Plaintiff's Complaint indicates this action is being brought pursuant to the ADA and Title VII. ECF No. 5 at 1 ("This is an employment discrimination action arising under the Americans with Disabilities Act . . . and/or Title VII of the Civil Rights Act[.]"). Plaintiff asserts SSM is an

3

employer under both federal statutes. *Id*. ("At all times relevant herein, Defendant was an employer under the ADA and[/]or Title VII.").

Within the instant motion, SSM requests the Court to strike Plaintiff's two references to Title VII because the Complaint does not contain any allegations to support a claim pursuant to Title VII. To the contrary, SSM argues that all four Counts are exclusively brought under the ADA as her allegations are limited to disability related claims, and Title VII does not cover discriminatory practices based on disability.

Although Plaintiff filed an opposition, she did not address SSM's request for the Court to strike the two references to Title VII in her Complaint. Therefore, to the extent Plaintiff intended to bring Title VII claims, the Court finds her silence renders them abandoned. When a plaintiff fails to defend or pursue a claim in response to a motion to dismiss or summary judgment, the claim is deemed abandoned. *See Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding the plaintiff abandoned her retaliation claim when she failed to defend it in response to a motion to dismiss) (citation omitted); *Culkin v. Walgreen Co.*, No. 4:05-CV-1859-ERW, 2006 WL 839195, at *1 (E.D. Mo. Mar. 27, 2006) ("Plaintiffs did not respond to Defendant's arguments regarding Count II. Thus, without addressing the merits of Defendant's arguments, this Court finds that Plaintiffs have abandoned their claim of general negligence against Defendant."); *Lipov v. Louisiana-Pac. Corp.*, No. 1:12-CV-439, 2013 WL 3805673, at *4 (W.D. Mich. July 22, 2013) ("Plaintiff did not respond to Defendant's challenge to Count II, and this Court construes the omission as evidence of Plaintiff's intent to abandon this portion of his claim in Count II.").

4

Additionally, as SSM argues, Title VII imposes liability on an employer who engages in certain discriminatory practices *because of* an individual's *race, color, religion, sex, or national origin*. As such, a plaintiff's claim of discrimination on the basis of a disability fails to state a claim under Title VII. *See West v. Potter*, No. 4:09-CV-7-SNLJ, 2009 WL 322239, at *1 (E.D. Mo. Feb. 9, 2009) (dismissing a disability claim under Title VII); *Shaikh v. Watson*, 2011 WL 589638, at *2 (N.D. Ill. Feb. 8, 2011) ("Disability is not among the enumerated bases for a Title VII suit, and therefore a claim for disability discrimination brought under Title VII cannot survive."); *Clark v. City of Dublin, Ohio*, 178 Fed. Appx. 522, 524 (6th Cir. 2006) (Title VII does not cover disability discrimination claims).

For the reasons stated above, Plaintiff's references to Title VII will be stricken from the Complaint.

### B.  Count II: Failure to Accommodate

In Count II of the Complaint, Plaintiff alleges she requested a reduced 32-hour work week to accommodate her disability. Plaintiff asserts SSM denied her request, but permitted her to take intermittent FMLA leave as required. She contends the option SSM provided her was not a reasonable accommodation because she was forced to use all of her PTO and sick days.

In the instant Motion to Dismiss, SSM argues her failure to accommodate claim should be dismissed for failure to state a claim because it provided her with a reasonable accommodation by allowing her to use intermittent FMLA leave, which SSM never denied. SSM maintains that Plaintiff's preferred accommodation of a "flexible schedule of 32 hours per week" for an "indefinite basis" was unreasonable as a matter of law.[1] In support of its motion, SSM

---

[1]   Attached to SSM's Motion is a 'Medical Provider Report for Accommodation,' dated July 23, 2021. ECF No.

5

points to EEOC guidance, which provides: "[w]hen an employee requests leave . . . for a medical condition, the employer must treat the request as one for a reasonable accommodation under the ADA. However, if the request for leave can be addressed by an employer's leave program, the FMLA (or a similar state of local law) . . . the employer may provide leave under those programs." EEOC, *Enforcement Guidance: Employer-Provided Leave and the Americans with Disabilities Act* (2016), available at: https://www.eeoc.gov/laws/guidance/employer-provided-leave-and-americans-disabilities-act (last visited Apr. 25, 2023).

In opposition to SSM's motion, Plaintiff argues her request for a consistently reduced 32-hour work week was reasonable and not a hardship for her employer because SSM allowed her to reduce her hours each week by using FMLA leave. Plaintiff clarifies that her request for accommodation was not for an unlimited absentee policy, but, instead, to simply be scheduled one 8-hour day less of work per week. Plaintiff argues SSM's act of requiring her to use PTO and sick days under FLMA to make up for the reduced hours, rather than adjusting Plaintiff's schedule from a 40-hour work week to a 32-hour work week, violated the ADA because it was not a reasonable accommodation.

"The ADA prohibits employers from discriminating 'against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.'" *Ehlers v. Univ. of Minnesota*, 34 F.4th 655, 659 (8th Cir. 2022) (quoting 42 U.S.C. § 12112(a)). Failing to make a reasonable accommodation constitutes discrimination.

---

14-1. The form was completed by Plaintiff's treating physician who indicated her need for the following accommodations: (1) indefinite extended time to complete tasks; (2) indefinite flexible schedule of 32 hours per week; and (3) indefinite additional training time when needed. *Id.* at 3.

§ 12112(b)(5)(A). The ADA requires an employer to reasonably accommodate an employee's disability unless doing so "would impose an undue hardship." 42 U.S.C. § 12112(b)(5)(A). Depending on an employee's assigned duties and the employer's need for in-person attendance, reasonable accommodations may include "part-time or modified work schedules." 42 U.S.C. § 12111(9)(B).

To make a *prima facie* case for a failure to accommodate claim under the ADA, an employee must show "(1) the employer knew about the employee's disability; (2) the employee requested accommodations or assistance for his or her disability; (3) the employer did not make a good faith effort to assist the employee in seeking accommodation; and (4) the employee could have been reasonably accommodated but for the employer's lack of good faith." *E.E.O.C. v. Prod. Fabricators, Inc.*, 763 F.3d 963, 971 (8th Cir. 2014). A "disability" under the ADA is "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." 42 U.S.C. § 12102(1). If a plaintiff can make this *prima facie* case, the burden shifts to the defendant to articulate some "legitimate, non-discriminatory reason for its action." *St. Martin v. City of St. Paul*, 680 F.3d 1027, 1033 (8th Cir. 2012).

The Supreme Court has held, however, that "the ordinary rules for assessing sufficiency of a complaint apply" to employment discrimination cases, and a plaintiff need not plead a *prima facie* case of discrimination to establish a plausible claim for relief. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002). The Eighth Circuit has clarified that the elements of a *prima facie* case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim." *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021) (citations omitted); *see also Von*

7

*Bokel v. McHugh*, No. 4:13-CV-2517-CAS, 2015 WL 357081, at *6 (E.D. Mo. Jan. 27, 2015) ("The elements of a *prima facie* case are relevant to a plausibility determination.").

At this stage of the litigation, the Court accepts as true the facts alleged in the Complaint. *See Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016). Plaintiff alleges she suffers from a disability, and she was capable of performing the essential functions of her job despite her disability, with or without reasonable accommodation. SSM does not appear to dispute either contention. Plaintiff states she sought a reduced work week consisting of four 8-hour days instead of five 8-hour days, but SSM declined to reduce her hours as requested. Instead, SSM required her to use intermittent FMLA leave each week, which forced her to exhaust all of her earned PTO and sick days. Plaintiff describes SSM's response as an adverse employment action because the reasonable accommodation would have been a "simple schedule change." *See* ECF No. 16 at 3. Plaintiff argues her requested accommodation of a simple schedule change was reasonable because when she submitted for FMLA leave each week, SSM never denied the request for reduced hours. Plaintiff disputes SSM's characterization of her request as an "unlimited absentee policy." The Court finds Plaintiff's allegations are sufficient to support a claim, which is all she must show to survive a Rule 12(b)(6) motion to dismiss.

The Court also notes that the three cases SSM relies on in its Motion to Dismiss are all appeals from summary judgments, which hold a different legal standard. *See Evans v. Coop. Response Ctr., Inc.*, 996 F.3d 539, 547 (8th Cir. 2021); *Capps v. Mondelez Glob.*, LLC, 847 F.3d 144, 156-57 (3d Cir. 2017); *Murray v. AT&T Mobility LLC*, 374 F. Appx. 667, 671 (7th Cir. 2010). Additionally, the EEOC guidance SSM uses in further support appears to relate to

8

employees who are generally seeking leave, whereas Plaintiff appeared to be requesting something different, a permanent schedule change to a 4-day work week.

Thus, the Motion to Dismiss Count II is denied.

### C. Count IV: Retaliation

In Count IV of the Complaint, Plaintiff alleges that on April 18, 2022, she "opposed discrimination prior to her termination by giving notice of her intent to resign due to [SSM's] failure to provide her an accommodation." ECF No. 5 at 7. After she gave her intent to resign, Plaintiff claims SSM took an adverse employment action by terminating her.

The ADA contains an anti-retaliation provision that prohibits discrimination "against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). To establish a *prima facie* case of retaliation under the ADA, a plaintiff must establish "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; (3) a causal connection exists between the two events." *Lors v. Dean*, 746 F.3d 857, 867 (8th Cir. 2014) (quoting *Green v. Franklin Nat'l Bank of Minneapolis*, 459 F.3d 903, 914 (8th Cir. 2006)).

SSM argues the retaliation claim should be dismissed for failure to state a claim "because the very resignation letter upon which she relies belies her allegation that she opposed discrimination." ECF No. 14 at 7. SSM attached a purported copy of Plaintiff's resignation letter to its motion, which stated, in pertinent part:

> I'm writing today to let you know that I am resigning from my position as Tier 1 Agent at SSM Health effective May 3, 2022.

9

> I am grateful for all of your support and training you have given to me at SSM, as well as your friendship. You've made each day brighter. I have learned so much, thanks to you and everyone at the Pershall office.
>
> Please let me know how I can help during this transition period. You can always get in touch if questions come up. My personal email is [redacted] and my phone number is [redacted].
>
> Thank you again. It's truly been a pleasure working with you, and I wish you and everyone at Pershall Pediatrics all the best.

ECF No. 14-2. SSM asserts it is appropriate for the Court to consider Plaintiff's resignation letter in the instant Motion to Dismiss or Strike because it is "expressly referenced and relied upon in the Complaint and is integral to Plaintiff's retaliation claim[.]" ECF No. 14 at 7.

In opposition to SSM's motion, Plaintiff argues her retaliation claim should not be dismissed because her Complaint sufficiently alleged a *prima facie* claim of retaliation. Specifically, she asserted she opposed the disability discrimination by giving her notice of intent to resign due to SSM's failure to provide her with a reasonable accommodation, and she was terminated three days later after expressing such opposition. Plaintiff argues SSM "is misleading the Court by stating that Plaintiff expressly referenced a letter [in the Complaint], when she did not limit what she told her employer to just the contents of a letter; in fact, she never mentions a letter at all." ECF No. 16 at 4.

The Court will decline to dismiss Plaintiff's retaliation claim based on the resignation letter attached to SSM's Motion to Dismiss or Strike. The Court is generally limited to the pleadings and materials attached to the pleadings in deciding a Rule 12(b)(6) motion to dismiss. *See* Fed. R. Civ. P. 12(d). Plaintiff did not provide any attachments to her Complaint, and she did not explicitly reference a resignation letter. She alleges she opposed discrimination prior to her

termination by giving notice of her intent to resign and, as she argues in her opposition, Plaintiff does not allege her opposition to discrimination was made in the letter submitted by SSM. *See Rosa v. MiTek Inc.*, No. 4:21-CV-00187-SEP, 2021 WL 5371251, at *2 (E.D. Mo. Nov. 18, 2021) ("complaint does not incorporate or reference evidentiary materials by simply alleging facts related to the materials"). As such, the Court will not dismiss Plaintiff's retaliation claim based on the contents of a letter submitted by SSM upon a Rule 12 motion to dismiss.

Requesting a reasonable accommodation for a disability is a "statutorily protected activity." *Kirkeberg v. Canadian Pac. Ry.*, 619 F.3d 898, 907 (8th Cir. 2010). Plaintiff expressly pleads that her reduced schedule request was a reasonable accommodation under the ADA and a statutorily protected activity, which was denied. Plaintiff states she subsequently gave a notice of intent to resign due to SSM's failure to provide her a consistent reduced schedule accommodation. Plaintiff then pleads the adverse employment action element: her termination from employment. Finally, the temporal proximity of Plaintiff giving her intent to resign and her actual termination is sufficient to plead the causal connection element of an ADA retaliation claim.

Thus, the Motion to Dismiss Count IV is denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Strike or Dismiss Counts II and IV of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant SSM Healthcare St. Louis, [ECF No. 13], is **GRANTED in part,** as to striking references to Title VII, and **DENIED in part,** as to dismissing Counts II and IV.

**IT IS FURTHER ORDERED** that Plaintiff's references to Title VII are **STRICKEN** from the Complaint.

**IT IS FURTHER ORDERED** that Defendant SSM Healthcare St. Louis shall file an answer as to Plaintiff's failure to accommodate (Count II) and retaliation (Count IV) claims within **fourteen (14) days** of the date of this Memorandum and Order.

So Ordered this 28th day of April, 2023.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE