## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LEONETTA RUSSELL-LANE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-192 SRW |
| ) | |
| SSM HEALTHCARE ST. LOUIS, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant SSM Healthcare St. Louis's Motion for Leave to Amend its Affirmative Defenses to Plaintiff's Complaint. ECF No. 29. Plaintiff Leonetta Russell-Lane has filed a response in opposition. ECF No. 31. Defendant filed a Reply. ECF No. 32.

### Background

On January 3, 2023, Plaintiff filed a Petition against SSM Healthcare St. Louis ("SSM") in the Circuit of St. Louis County, Missouri, Case No. 23SL-CC00071. ECF No. 5. The action was brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging disability discrimination, failure to accommodate, constructive discharge, and retaliation. *Id.* at 1.

On February 17, 2023, SSM removed the action to this Court pursuant to federal question jurisdiction. ECF No. 1. On March 27, 2023, SSM filed an Answer to Plaintiff's disability discrimination (Count I) and constructive discharge (Count III) claims, ECF No. 12, and a Motion to Strike or Dismiss the failure to accommodate (Count II) and retaliation (Count IV) claims, ECF No. 13. On April 28, 2023, the Court denied SSM's Motion to Dismiss Counts II and IV, but granted the request to strike all references to Title VII. ECF No. 18. SSM filed its

Amended Answer and Affirmative Defenses on May 12, 2023. ECF No. 19. A Case Management Order was issued on June 6, 2023, which required any amendment of pleadings to be filed no later than June 30, 2023. ECF No. 23 at 1. The deadline for discovery is March 1, 2024, and dispositive motions are due no later than March 29, 2024. *Id.* at 2.

## Motion to Amend Answer

On December 19, 2023, SSM filed the instant Motion seeking permission "to amend its affirmative defenses to clarify that it is asserting an undue hardship affirmative defense under the ADA." ECF No. 29 at 2. SSM explains that while the amended answer included the language "that Plaintiff's requested accommodation was unreasonable as a matter of law," which "implicitly covers its contention that Plaintiff's requested accommodation constituted an undue hardship," the instant request would allow SSM to "explicitly plead its undue hardship defense." *Id.* SSM asserts that under Fed. R. Civ. P. 15(a), the Court should freely give leave to amend its pleading because the request would not cause undue delay or prejudice, is not futile, and not done in bad faith.

Plaintiff filed a response in opposition arguing the motion should be denied for two reasons. ECF No. 31. First, Plaintiff argues the motion should be denied because it fails to comply with Local Rule 4.01(A), which requires the moving party to file a memorandum in support of the motion. Here, SSM filed a three-page motion with a copy of its proposed Second Amended Answer and Affirmative Defenses, but no memorandum in support. Second, Plaintiff contends the request should be denied because SSM improperly argued its motion pursuant to the more liberal amendment standard of Fed. R. Civ. P. 15(a), when the good cause standard under Fed. R. Civ. P. 16(b) should have been applied. Plaintiff argues good cause does not exist because "[a]ny facts supporting this additional affirmative defense were in Defendant's

2

knowledge and control when it filed its initial answer" and "[t]here has been no discovery in this case from Plaintiff that would have alerted Defendant to this affirmative defense." *Id.* at 2.

SSM filed a timely Reply asserting it should be excused from its failure to include a separate memorandum in support. ECF No. 32. Additionally, SSM argues its Motion to Amend survives Rule 16(b)'s good cause standard because it acted diligently in filing the request despite the fact that it was made approximately five months after the Case Management's deadline for the parties to amend the pleadings. SSM explains that during discovery it "uncovered from Plaintiff's former supervisors[,] information that directly relates to an undue hardship defense." *Id.* at 3. Specifically, the supervisors "relayed the impact that Plaintiff's reduced schedule accommodation had on the workplace, including how Plaintiff's absenteeism caused her duties to be reassigned to other employees, which prevented those employees from performing all of their duties." *Id.* at 3. SSM states that upon receipt of this information, it immediately filed the instant motion the day after the parties engaged in the Court-ordered alternative dispute resolution conference. *Id.* SSM further contends that the inclusion of this affirmative defense would "in no way cause undue prejudice to Plaintiff given that [SSM's] eighth affirmative defense – that Plaintiff's requested accommodation was unreasonable – already amounts to an undue hardship defense" and it "merely seeks leave, in good faith, to provide clarification by explicitly pleading its undue hardship defense." *Id.*

## Discussion

Plaintiff correctly asserts in its opposition that the Local Rules of this Court require all motions to be accompanied by a memorandum in support, including citations of any authorities on which the party relies. *See* E.D. Mo. L.R. 4.01(A). Motions which do not conform to Local Rule 4.01(A) *may* be summarily denied. However, the Court possesses the discretion "to determine what departures from its local rules of practice may be overlooked." *Trundle v.*

*Bowen*, 830 F.2d 807, 809 (8th Cir. 1987). Although the instant motion fails to conform with Local Rule 4.01, the Court will decline to deny the motion for non-compliance since SSM has provided enough information within its briefing for the Court to make a decision on the merits.

SSM cites Fed. R. Civ. P. 15(a) as the standard for analyzing its request. However, the United States Court of Appeals for the Eighth Circuit has explicitly instructed that "in cases in which the deadline to amend pleadings has past," then "the primacy of Rule 16(b) over Rule 15(a)" establishes that the "good cause" standard applies. *Sherman v. Waco Fireworks, Inc.*, 532 F.3d 709, 115 (8th Cir. 2008) (citing *Fin. Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 165-66 (W.D. Mo. 1989)). "The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Albright v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2012). Instead of evaluating prejudice to the nonmovant, the Court should "'focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order.'" *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). Where there has been "'no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings,' then [the Court] may conclude that the moving party has failed to show good cause." *Id. See also Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020).

Here, SSM asserts that while engaging in discovery, it learned information from two of Plaintiff's former supervisors to support an undue hardship affirmative defense. SSM asserts the request to include this defense was made expeditiously and would not cause any prejudice to the Plaintiff because the undue hardship defense is substantially similar to its unreasonable accommodation defense, which had already been included in its amended answer filed in May of 2023. Further, SSM argues that its request would not alter the timelines set by this Court as

4

depositions have not yet been taken, discovery does not close until March 1, 2024, and trial is not scheduled until September 16, 2024.

The Court finds that SSM has demonstrated reasonable diligence in filing the motion for leave to amend its answer to include the defense of undue hardship after allegedly discovering information supporting such a defense from Plaintiff's former supervisors. In making this determination, the Court considers the fact that the request was made over two months before the close of discovery, and an amendment to the answer would not disrupt the scheduled trial date or result in reopening discovery as it is currently ongoing. Plaintiff will have the opportunity and time to seek discovery relevant to the undue hardship defense. Furthermore, nothing in the record suggests that SSM has acted in bad faith or with dilatory motive. Thus, SSM shall be allowed to amend its answer to add this affirmative defense.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant SSM Healthcare St. Louis's Motion for Leave to Amend its Affirmative Defenses to Plaintiff's Complaint [ECF No. 29] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach the attachment from ECF No. 29, and file it as Defendant SSM Healthcare St. Louis's Second Amended Answer and Affirmative Defenses.

Dated this 17th day of January, 2024.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE